IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 7 – 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-02198-BNB

BERNARD J. DRAPEAU, JR.,

    Applicant,

v.

WARDEN RENE G. GARCIA,

    Respondent.

---

## ORDER OF DISMISSAL

---

Applicant, Bernard J. Drapeau, Jr., is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in Littleton, Colorado. Mr. Drapeau has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the validity of his conviction and sentence. On September 23, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Drapeau to show cause why this action should not be dismissed because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court. After receiving an extension of time, Mr. Drapeau filed his response to the show cause order on December 9, 2009.

The Court must construe the Application and Mr. Drapeau's response to Magistrate Judge Boland's show cause order liberally because Mr. Drapeau is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

According to www.pacer.psc.uscourts.gov, Mr. Drapeau was convicted by a jury on charges of distribution of a controlled substance in the United States District Court for the District of South Dakota (District of South Dakota) in Criminal Action No. 02-cr-30112-CBK-1. On January 12, 2004, he was sentenced as term of 324 to 405 months' imprisonment. On direct appeal, the United States Court of Appeals for the Eighth Circuit affirmed his conviction, but vacated his sentence and remanded the case for resentencing. See *United States v. Drapeau*, 414 F.3d 869, 879 (8th Cir. 2005), *cert. denied*, No. 05-7737 (Jan. 9, 2006). Mr. Drapeau claims in this action that the United States lacked subject matter jurisdiction to prosecute him, and that his criminal trial violated his right to due process.

As Magistrate Judge Boland advised Mr. Drapeau, the purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where

the prisoner is confined." ***Johnson v. Taylor***, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." ***Williams v. United States***, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." ***Johnson***, 347 F.2d at 366.

The remedy available under 28 U.S.C. § 2255 is inadequate or ineffective only in "extremely limited circumstances." ***Caravalho v. Pugh***, 177 F.3d 1177, 1178 (10th Cir. 1999). For example, the remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. ***See id.*** Another situation that may render the remedy available pursuant to § 2255 inadequate and ineffective is when the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates the petitioner is actually innocent. ***See Reyes-Requena v. United States***, 243 F.3d 893, 903 (5th Cir. 2001).

Mr. Drapeau fails in his response to Magistrate Judge Boland's show cause order to present any reasoned argument demonstrating that the remedy available to him pursuant to 28 U.S.C. § 2255 in the sentencing court is inadequate or ineffective. Therefore, this action will be dismissed. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Mr. Drapeau fails to assert that his remedy in the United States District Court for the District of South Dakota is ineffective and inadequate.

DATED at Denver, Colorado, this 6th day of January, 2010.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02198-BNB

Bernard J. Drapeau, Jr.
Reg No. 04467-073
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on ____1/7/10____

                               GREGORY C. LANGHAM, CLERK

                               By: _____
                                      Deputy Clerk